## SPENCER WATERS *vs.* DANIEL YOUNG.

A tenement was let by the month, to wit, from December 18 to January 18. Notice in writing to terminate the tenancy was given by the landlord, and contained a direction to the tenant to vacate on or before January 17.

*Held*, not a legal notice, the day mentioned in it not corresponding with the day of the commencement of the tenancy.

EXCEPTIONS to a special Court of Common Pleas.

*February* 15, 1868. DURFEE, J. This is an action of trespass and ejectment, by a landlord against his tenant, to recover the tenement. The case comes before us, upon exceptions, from a special Court of Common Pleas. In the exceptions it is stated, that "the defendant pleaded the general issue and put in evidence that there was a hiring of the tenement in question from month to month, to wit: from the 18th day of December, 1867, to the 18th day of January, 1868, and he received notice in writing from the plaintiff to vacate the said tenement on or before the 17th day of January, A. D. 1868." The justice, before whom the trial was had, ruled that this was a legal notice, and to this ruling the defendant excepted. And his counsel now contends that if a particular day is mentioned in the notice to quit, it must correspond with the day of the commencement and not with the conclusion of the tenancy.

In support of this position he refers to Taylor's Landlord & Tenant, § 477, in which the language is as follows, to wit: "If a particular day is mentioned in the notice, it must correspond with the day of the commencement and not the conclusion of the tenancy; for the tenant is not obliged to quit so long as his right of possession continues, and this right is not determined until the year is fully completed. It must be the exact day of commencement; the next or any subsequent day will not be sufficient." The writer cites no authorities except to the point that a day subsequent to the day of commencement will not be sufficient.

The idea, apparently, upon which the previous part of the statement rests is, that the tenant is entitled to occupy up to the last moment of his term, and therefore cannot be required to quit until the last moment of his term has elapsed.

The defendant's counsel also cites the case of *Kemp* v. *Derrett*, 3 Camp. 510. In that case the defendant became tenant of the premises to the plaintiff on the 29th of October, 1810. The agreement between them was, "that the defendant was always to be subject to quit at three months' notice. The defendant had a three months' notice to quit at a time which was not the end of any three months computing from the said 29th of October. The question was whether this was sufficient notice ; and Lord Ellenborough held that it was not. He determined that the holding was from three months to three months, and said : "I am quite clear that the notice should have expired on the 29th January, 29th April, 29th July, or 29th October. The defendant might have been made to hold from the preceding or succeeding general quarter day ; but in the absence of all evidence to the contrary, I must presume that he held from the time when he entered as tenant." The opinion thus expressed respecting the days on which a tenant holding from term to term can be notified to quit, though not strictly required by the case, is valuable as evidence of what was then recognized as the rule of law upon the subject.

Another case to which our attention has been called is that of *Ackland* v. *Lutley*, 9 Ad. & E. 879. In that case a house was demised *habendum* for twenty-one years from March 25, 1809, paying rent on certain days, of which March 25th was one ; and it was held that the term under the lease did not expire till the end of March 25, 1830. Lord Denman, in delivering judgment, said : "The general understanding is, that terms for years last during the whole anniversary of the day from which they are granted. Indeed, if this were otherwise the last day, on which rent is almost uniformly made payable, would be posterior to the lease." The decision in this case, however, did not relate to a notice to quit, but to the duration of the term under the lease, and turned upon the question whether the day of the date should be counted in or out in the computation.

There are other cases having more or less bearing upon one or

the other side of the question, but we have been referred to no case, and we find none, in which the precise point before us has been adjudicated. The case which comes nearest to an adjudication is that of *Kemp* v. *Derrett*, in which, as we have seen, the dictum of Lord Ellenborough is explicitly to the effect, that a tenant should not be notified to quit previous to the return of the day on which his term commenced.

On a question of this kind the prevailing practice is entitled to weight; and we learn, upon inquiry, that the late Justice Shearman, who, for more than a dozen years before his death, had the more particular charge of the trial of this class of cases, recognized the rule as it is laid down in Taylor on Landlord & Tenant.

If we seek to deduce a rule from the reason of the thing, we find that there are reasons on both sides. On the one hand, if we say the tenant is bound to quit previous to the return of the day on which he enters, we virtually deprive him of a part of his term ; for he would, almost necessarily, come in and go out in the daytime, and so would lose the earlier part of the one and the later part of the other day. On the other hand, if we say he is not bound to quit until the return of the day on which he enters, we give him time for which he pays no rent. A rule which should divide the day between the out-going and in-coming tenant, by making the term begin and end at noon, would afford the best solution of the difficulty. But such a rule, in the absence of any usage or statute establishing it, we cannot adopt. From such light as we have, we must determine what the rule actually is ; and, following the authorities which we have cited, and resolving any doubt which we may have in favor of the lessee, we have concluded, somewhat against our first impressions, to uphold the previous practice and sustain the exceptions.

*Exceptions sustained.*

*Elisha C. Mowry*, for plaintiff.

*Stephen Essex*, for defendant.

NOTE BY THE REPORTER. — The foregoing opinion was, immediately after its delivery, loaned by the reporter then in office, and was mislaid by the borrower. It is therefore now printed. The case, "Exceptions, No. 255," is recorded in book 22, p. 15, of the court records, October Term, A. D. 1867.